UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK                    ECF CASE

-------------------------------------------------X    TRIAL BY JURY

JOINER JIMENEZ PADILLA                    DEMANDED

Plaintiff

        -V-                    CIVIL RIGHTS  COMPLAINT

THE CITY OF NEW YORK, THE NEW

YORK CITY POLICE DEPARTMENT,

POLICE OFFICERS MICHAEL SALINE

SHIELD NO. 27059 AND OTHER

POLICE OFFICERS WHOSE IDENTITIES

ARE NOT KNOWN AT THIS TIME,

Defendants.


-------------------------------------------------X

Plaintiff, JOINER JIMENEZ PADILLA, by and through his attorney, Andres M. Aranda, Esq., respectfully shows to this court and alleges as follows:

1. This is a civil rights action in which the Plaintiff, JOINER JIMENEZ PADILLA seeks relief for the defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 USC Section 1983 and the Fourth and Fourteenth Amendments of the United States Constitution and the Constitutions of the State of New York and the United States.
2. The plaintiff seeks money damages, attorney's fees and such further relief as this Court deems just and proper.
1. This action was initiated within three years after the Plaintiff's claim arose due to the termination of the criminal prosecution, in which the criminal matter was dismissed and sealed.

JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. Sect. 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the Constitution and laws of the State of New York.

4. Jurisdiction is founded upon 28 U.S.C. Sect. 1331,1343, (1-4) and 2202.

5. Venue is proper in this district pursuant to 28 U.S.C. Sect. 1391 (b).

JURY DEMANDED

6. The Plaintiff demands trial by jury in this action.

PARTIES

7. Plaintiff, JOINER JIMENEZ PADILLA, is an American Citizen residing in the Bronx, New York.

8. Defendant City of New York, hereinafter City, is a municipal corporation organized under the laws of the State of New York and the public employer of the Police Officers named as a Defendants in this action.

9. The Defendant, NEW YORK CITY POLICE DEPARTMENT, hereinafter NYPD, is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

10. At all times relevant herein, defendants Police Officer MICHAEL SALINE, was a Police Officer of the NYPD, acting under color of law, as agent, servant and employee of the defendant City and in furtherance of and within the scope of his employment, to wit under color of statues, ordinances, policies, regulations, customs, and usages of the City and or the NYPD. They were hired, trained and supervised by the defendants City and NYPD.

FACTUAL ALLEGATIONS

11. On July 18, 2024, at approximately 8:20 PM, Plaintiff, JOINER JIMENEZ PADILLA, was maliciously, brutally and illegally arrested outside his place of employment, on the sidewalk in front of 133 EAST 183 STREET, in the Bronx, NY, Plaintiff's place of employment, and within the jurisdiction and boundaries of the Southern District of New York. Plaintiff was sitting down peacefully when he was assaulted, manhandled and beaten by police officers, member of the NYPD and employees of the defendants City and NYPD. All in front of his employees, neighbors and friends.

12. The plaintiff was arrested, handcuffed and dragged to a police cruiser in front of his friends and neighbors, causing him great pain, embarrassment, alarm and harm to his reputation.

13. The officers proceeded to search his person, putting their hands inside his pockets. They removed his personal property, his money and his jewelry from him.

14. The police officers then, with keys they had taken from him, proceeded to find and search his vehicle which was down the block, approximately seven car lengths away, and they removed personal property and a very large sum of money from the vehicle. To date, said money has been returned. His personal property, such as his jewelry, remains unreturned.

15. Mr. JIMENEZ spent over two days detained waiting to be arraigned.

16. Thereafter, he had to retain counsel and attend several court appearances before the matter was dismissed and sealed.

17. The Plaintiff was arrested on July 18, 2024, and arraigned, July 20, 2024, and released.

18. The Plaintiff had to appear in Bronx Criminal Court several times.

19. The Plaintiff had to retain the services of an attorney to represent him in court.

20. The plaintiff was severely injured during the arrest process as a consequence of the excessive and unnecessary force used to arrest him.

21. There were at least four officers who responded to the scene of the arrest and rushed the plaintiff.

22. To attempt to cover their viciousness while arresting Plaintiff, they falsely charged the plaintiff with Criminal Diversion of Prescription Medication and Prescriptions; and Criminal Possession of a Controlled Substance in the seventh degree. (Criminal Court Complaint attached ex. 1)

23. Police Officer MICHAEL SALINE falsely accused plaintiff of resisting arrest.

24. The plaintiff was charged with several misdemeanors, as explained above.

25. After a full and thorough investigation, the criminal charges against the plaintiff were dismissed and sealed on December 2, 2024. (Certificate of Disposition attached ex.2)

26. The plaintiff was released at arraignment.

27. The plaintiff had money with which to pay the rent of a business that he owns, however, because the police took his money and the money has not been returned, he is in serious arrears to the landlord and may run the risk of loosing his business.

CAUSES OF ACTION

Count 1

SECTION 1981, 1983, 42 U.S.C. Fourth and Fourteenth Amendments

Violations: Malicious Prosecution

28. The plaintiff incorporates by reference all of the allegations set forth in all proceeding paragraphs as if fully set forth herein.

29. On or about July 18, 2024, the defendants initiated a criminal proceeding against the plaintiff by misrepresenting and falsifying evidence in criminal court brought by filing a signed document (enclosed herein) on July 20, 2024, sworn to by P.O. MICHAEL SALINE. Said document falsely accused Mr. Jimenez of a felony and a misdemeanor.

30. P.O. MICHAEL SALINE was the primary witness and the affiant of the accusatory instrument, which he swore to under penalties of perjury on 07/20/2024.

31. The plaintiff alleges that P.O. SALINE dd not make a complete, accurate, truthful and full statement of facts. P.O. SALINE misrepresented and falsified evidence that created a falsehood in signing the felony/misdemeanor complaint and said falsehoods were material for a finding of probable cause to arrest, detain, arraign and charge the plaintiff with a crime.

32. In commencing and continuing the prosecution of plaintiff, defendants caused plaintiff to be charged with acts in violation of the Penal Law of the State of New York.

33. Plaintiff had not given defendants CITY, NYPD and PO MICHAEL SALINE, their agents, servants or employees, probable cause to believe the falsely charged illegal acts imputed to him.

34. Plaintiff had not given defendant CITY, its agents, servants or employees, including P.O. MICHAEL SALINE, probable cause to believe that plaintiff had committed the falsely charged illegal acts.

35. The defendants acted with malice because P.O. Saline did not arrest the plaintiff with a desire to see the ends of justice served but rather with the malicious intent of making another false arrest, and of keeping the money that had been illegally found and confiscated, inside Plaintiff's vehicle. The plaintiff had $58,309.20 inside his vehicle. This money was to pay the rent of his business, and it took almost one year for the plaintiff to get his money back. (Check attached)

36. As a result of defendants' malicious acts, the plaintiff was forced to defend himself in court, incurring legal expenses, spending many hours in court, needlessly having to worry about his case and his liberty.

37. The plaintiff remained incarcerated approximately 60 hours, thus being unjustly deprived of his liberty.

38. The conduct of the defendant was the direct cause of the plaintiff being deprived of his liberty for approximately 60 hours in violation of the U.S. Constitution, the Constitution of the State of New York and the Civil Rights Act.

39. The defendant's action ruined the plaintiff's reputation and standing in the community.

40. The plaintiff was falsely arrested in front of family and friends.

41. As stated above, on December 2, 2024, ALL the criminal charges against plaintiff were dismissed and sealed.

## COUNT TWO FOR RELIEF

### 42 U.S.C. SECTIONS 1981, 1983 AND THE FOURTH AMENDMENT

### VIOLATIONS FOR FALSE ARREST

42. Plaintiff repats and reiterates the allegations contained in the complaint as if fully set forth herein.

43. On or about July 18, 2024 in the County of the Bronx, New York, within the jurisdictional confines of the SDNY, JOINER JIMENEZ PADILLA, was unlawfully detained, arrested, assaulted, and imprisoned by agents, servants, and/or employees of defendant CITY, including defendant MICHAEL SALINE.

44. That the aforesaid and imprisonment was wanton, malicious, unlawful, and not based upon a warrant, probable cause, and or any justification, and was therefore a false arrest and imprisonment, as evidenced by the fact that a criminal court of competent jurisdiction dismissed and sealed all charges brought against the then defendant now plaintiff herein, JOINER JIMENEZ PADILLA.

45. That defendant CITY, through its agents, servants and/or employees, including defendant police officer MICHAEL SALINE, acted in bad faith and without probable cause in committing the aforesaid arrest and imprisonment of JOINER JIMENEZ PADILLA.

46. At the time of JOINER JIMENEZ PADILLA's unlawful arrest and imprisonment the defendants knew or should have known through the exercise of proper procedure and reasonable investigation, that the aforementioned arrest and imprisonment were false and without probable cause and/or legal justification.

47. That the aforementioned arrest and imprisonment was made with knowledge of and/or reckless disregard of the material falseness of the criminal complaint.

48. The aforementioned false arrest and imprisonment caused JOINER JIMENEZ PADILLA to suffer severe physical injuries, emotional and psychological distress, anguish, anxiety, fear humiliation, and loss of freedom.

49. By reason of the foregoing, the defendants became liable to JOINER JIMENEZ PADILLA in a sum of money which exceeds the jurisdictional limits of all courts of lesser jurisdiction.

## COUNT THREE

42 U.S.C. Section 1983 AND THE FOURTH AMENDMENT VIOLATION

EXCESSIVE AND UNNECESSARY FORCE

50. The plaintiff repeats and reiterates the allegations contained in the preceding
paragraphs of the complaint as if fully set forth herein.

51. On or about July 18, 2024 plaintiff, JOINER JIMENEZ PADILLA, was detained,
arrested and imprisoned by Police Officer MICHAEL SALINE, an employee and agent
of defendants NYPD and CITY. At that time he was acting within the scope of his
employment and under color of law.

52. Defendant MICHAEL SALINE used excessive and unnecessary force while falsely
arresting Plaintiff. Suffered severe and unnecessary pain, was manhandled and was
thrown into a police cruiser causing him great pain and humiliation.

53. It is per se unreasonable for a citizen to be injured during an arrest. Here the manner
in which plaintiff was manhandled and abused clearly makes it not only
unreasonable and excessive but under 18 U.S.C. Section 242 it makes it borderline
criminal in nature. This statute makes it illegal for any law enforcement officer acting
under color of law, such as herein, to deprive a person of their constitutional right,
such as by falsely arresting them, while using excessive force.

54. By reason of the foregoing the defendants became liable to JOINER JIMENEZ
PADILLA in a sum of money which exceeds the jurisdictional limits of all courts of
lesser jurisdiction.

COUNT FOUR

MUNICIPAL LIABILITY FOR CONSTITUTIONAL

VIOLATIONS: MONELL CLAIM

55. Plaintiff realleges and incorporates by reference the allegations set forth in the
preceding paragraphs of this complaint.

56. Prior to July 18, 2024, the CITY developed and maintained policies and customs
which caused the deprivation and violation of Plaintiff's Constitutional rights.

57. Prior to July 18, 2024, the responsible policy making officials of defendant CITY
knew, or in the exercise of reasonable care and investigation, should have known,
that individual police officers of the CITY had engaged in a pattern and practice of
illegal and unconstitutional conduct, including performing false arrest, using
excessive and unwarranted force while making those false arrests, engaging in
malicious prosecution, and unconstitutional violations of citizens' rights as
guaranteed by the Constitution of the United States, the Constitution of the State of

New York, and just plain decency. Specifically, defendant CITY knew or should have known that defendant P.O. Michael saline, and other Bronx police officers had falsely arrested, assaulted, and maliciously prosecuted other individuals, often resulting in tainted prosecutions.

58. Despite knowledge of the aforesaid, pattern and practice, defendant CITY failed to properly investigate this conduct, and failed to supervise, train and discipline the officers of the New York City Police Department.

59. Defendant CITY adopted a "hands off" policy of custom with regard to such illegal and unconstitutional acts committed by police officers, which encouraged the individual defendants in this case that they could violate the constitutional rights of the plaintiff, JOINER JIMENEZ PADILLA, with impunity and with the explicit or tacit approval of defendant CITY, in violation of 42 U.S.C. Section 1983.

60. As a result of the foregoing, the plaintiff sustained damages and injuries previously described and seeks compensatory damages from the City of New York.

DAMAGES

52. As a direct and proximate cause of the said acts of defendants, plaintiff, JOINER JIMENEZ PADILLA, suffered the following injuries damages:

a. Violations of his rights under the Fourth and Fourteenth Amendments to the Constitution:

b. Loss to physical liberty due to detention/incarceration:

c. Further restrictions of his liberty due to forced court appearances:

d. Humiliation, embarrassment, and injury to reputation:

e. Extreme emotional distress:

f. Severe disruption of family:

g. Excruciating and extreme physical pain due to the excessive force used to arrest plaintiff:

h. Possible loss of his business due to lack of money to pay rent since police took rent money out of his 2021 Jeep Gladiator and money has not been returned.

WHEREFORE, plaintiff requests the following relief as against all of the defendants herein:

1. Award compensatory damages in an amount to be determined by the Court
2. Award attorneys' fees as fair and reasonable compensation for services rendered in connection with this action.
3. For such and further relief as this Court may deem just and proper.

ANDRES M. ARANDA, ESQ.

930 GRAND CONCOURSE, STE 1A

BRONX, NEW YORK 10451

1-718-541-9244

arandaoffice@gmail.com

CRIMINAL COURT OF THE CITY OF NEW YORK
BRONX COUNTY

THE PEOPLE OF THE STATE OF NEW YORK

v.

1.  JOINER JIMENEZ PADILLA M/35
    Arrest# B24633186

Defendant

STATE OF NEW YORK

COUNTY OF THE BRONX


CR-018168-24BX

PO MICHAEL SALINE of 46 PCT,  Shield# 27059,  states that on or about July 18, 2024 at approximately 8:20 PM at Northeast corner of CRESTON AVENUE and EAST 183RD STREET, ,  County of the Bronx, State of New York,

THE DEFENDANT COMMITTED THE OFFENSES OF:
1 (F) P.L. 178.25      Criminal Diversion of Prescription
                       Medications & Prescriptions 1^ DQO
2 (M) P.L. 220.03      Criminal possession of a controlled
                       substance in the seventh degree DQO

IN THAT THE DEFENDANT DID: transfers or delivers, in exchange for anything of pecuniary value, a prescription medication or device with knowledge or reasonable grounds to know that the recipient has no medical need for it; or receives, in exchange for anything of pecuniary value, a prescription medication or device with knowledge or reasonable grounds to know that the seller or transferor is not authorized by law to sell or transfer such prescription in exchange for anything of pecuniary value or receives a prescription in exchange for anything of pecuniary value and knowingly and unlawfully possesses a controlled substance.

THE GROUNDS FOR THE DEPONENT'S BELIEF ARE AS FOLLOWS:

Deponent states, that at the above time and place, deponent observed defendant to have in his custody and control, scattered inside a White 2021 Jeep Gladiator, four (4) bottles containing a dark liquid, five (5) bottles containing purple brown oval shaped pills, two (2) bottles containing pills, four (4) inhalers,, one (1) bottle containing 30 count pills, one (1) bottle containing 60 count pills, one (1) bottle containing 30 count pills, one (1) bottle containing 30 count pills, one (1) box of Ozempic, one (1) box of injections, one (1) box of buprenorphine and naloxone, one (1) box of cream, one (1) bottle containing round orange pills.

Deponent states, that based upon deponent's training and experience, which includes training in the recognition of controlled substances, and their packaging, the aforementioned substance is alleged and believed to be PROMATHAZINE, BIKTARVY, ISENTRESS, VENTOLIN, COMBIVENT, SPIRIVA, INCRUSE, DESCOVY, ELQUIS, FARXIGA, LIZNES, OZEMPIC, WEGOVY, BUPRENORPHINE/ NALOXONE, HYDROCORTISON CREAM, HYDROCHLOROTHIAZIDE.


002891724

Page 1 of 2

8/22/24

pt F/A

Deponent further states, that at the above time and place, deponent observed defendant to have in his custody and control, scattered inside a White 2021 Jeep Gladiator one (1) bag containing four (4) white oval shaped pills.

Deponent states, that based upon deponent's training and experience, which includes training in the recognition of controlled substances, and their packaging, the aforementioned substance is alleged and believed to be OXYCODONE.

FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE
AS A CLASS A MISDEMEANOR PURSUANT TO P.L. 210.45

07/20/24.        1315
DATE and TIME                    SIGNATURE

002891724

Certificate #: U-000013865-F

# BRONX CRIMINAL COURT

265 E 161 Street, Bronx, NY 10451

**FEE**
Non-Public
Version

Court ORI: NY062033J

| | |
|---|---|
| The People of the State of New York<br>vs.<br>**Joiner Jimenez Padilla** | **Certificate of Disposition**<br>Docket Number:    **CR-018168-24BX**<br><br>CJTN:                                70790660Y<br>NYSID:                            13740997L |

Defendant DOB: **09/24/1988**              Arrest Date: **07/18/2024**        Arraignment Date: **07/20/2024**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Bronx Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 178.25 CF Crim Diversion Prescrip-1st **SEALED 160.50** | CF | Dismissed (Other Reason Preventing Prosecution (CPL 170.30 (1)(f)), Sealed 160.50) | 09/26/2024 |
| 2 | PL 220.03 AM Crim Poss Contrl Subst-7th **SEALED 160.50** | AM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 12/02/2024 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated:  **December 5, 2024**

Chief Clerk/Clerk of the Court

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)]

Charges may not be the same as the original arrest charges.
CPL 160.50:      All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.

## DESIGNATION OF AGENT FOR ACCESS TO SEALED
## RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, JOINER JIMENEZ PADILLA Date of Birth 09 /24 / 1988,
SS# _____, pursuant to NYCPL § 160.50[1][d], hereby designate MURIEL-GOODE TRUFANT, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled <u>People of the State of New York v. JOINER JIMENEZ PADILLA</u> Docket No. or Indictment No. CR-08168-24BX in CRIM Court, County of BRONX, State of New York, relating to my arrest on or about 07-08-2024, may be made available for use in Civil Action JOINER JIMENEZ PADILLA. CITY OF NEWYORK (S.D.N.Y.).

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

_____
SIGNATURE

STATE OF NEW YORK        )
                        : SS.:
COUNTY OF BRONX          )

On this 16 day of JUNE, 2025 before me personally came JOINER JIMENEZ PADILLA, to me known and known to me to be the individual described in and who executed the foregoing instrument, and __ acknowledged to me that __ executed the same.

**Victor J. Molina**
Notary Public, State of New York
No.: 02MO6249338
Qualify in Bronx County
Commission Expires
Nov., 7th 20.27

_____
NOTARY PUBLIC



New York City Comptroller
Brad Lander

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

Form Version:    NYC-COMPT-BLA-PI1-F

# Personal Injury Claim Form

Electronically filed claims must be filed within 90 days of the occurrence using the Office of the NYC Comptroller's website. If the claim is not resolved within one (1) year and 90 days of the occurrence, you must start a separate legal action in a court of law before the expiration of this time period to preserve your rights.

**I am filing:**  ○ On behalf of myself.

○ On behalf of someone else. If on someone else's behalf, please provide the following information.

Last Name:

First Name:

Relationship to the claimant:

**Claimant Information**

*Last Name:    JIMENEZ PADILLA

*First Name:    JOINER

*Address:    2326 LORING PLACE NORTH

Address 2:

*City:    BRONX

*State:    NEW YORK

*Zip Code:    10468

*Country:    USA

Date of Birth:    *Format: MM/DD/YYYY*

Soc. Sec. #

HICN: (Medicare #)

Date of Death:    *Format: MM/DD/YYYY*

Phone:

*Email Address:

*Retype Email Address:

Occupation:

City Employee?    ○ Yes  ● No  ○ NA

Gender    ● Male  ○ Female  ○ Other

**⦿ Attorney is filing.**

**Attorney Information (If claimant is represented by attorney)**

+Firm or Last Name: ARANDA

+Firm or First Name: ANDRES

+Address:    930 GRAND CONCOURSE

Address 2:

+City:    BRONX

+State:    NEW YORK

+Zip Code:    10451

Tax ID:

Phone #:    (718) 541-9244

+Email Address:    ARANDAOFFICE@GMAIL.COM

+Retype Email Address:    ARANDAOFFICE@GMAIL.COM

**The time and place where the claim arose**

*Date of Incident:    07/18/2024    *Format: MM/DD/YYYY*

Dismissal Date:    12/02/2024    *(Police related claims only)*

Time of Incident:    8:20 PM    *Format: HH:MM AM/PM*

*Location of Incident:    NORTH EAST CORNER OF CRESTON AVENUE AND EAST 183RD STREET, BRONX, NY

Address:

Address 2:

City:

*State:    NEW YORK

Borough:    BRONX

*Denotes required fields.*
*+Denotes field that is required if attorney is filing.*
*A Claimant OR an Attorney Email Address is required.*



New York City Comptroller
Brad Lander

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**\*Manner in which claim arose:**

MR. JOINER JIMENEZ PADILLA WAS SITTING DOWN PEACEFULLY ON A FOLDING CHAIR ON THE SIDEWALK TALKING TO SOME FRIENDS WHEN HE WAS RUSHED BY A GROUP OF POLICE OFFICERS. THEY PROCEEDED TO PUSH HIM AROUND, SEARCH HIM AND HADCUFF HIM. THEREAFTER THEY TOOK HIS KEYS AND WENT TO HIS VEHICLE. THEY SEARCHED HIS VEHICLES AND PROCEEDED TO CONFISCATE A LARGE SUM OF MONEY THAT HE HAD TO PAY THE RENT. THEY ALSO REMOVED HIS JEWELRY AND OTHER PERSONAL PROPERTY. TO DATE, UPON INFORMATION AND BELIEF, NEITHER HIS JEWELRY NOR HIS MONEY HAS BEEN RECOVERED. HE SPENT OVER TWO DAYS DETAINED AND HAD TO GO TO COURT SEVERAL TIMES BEFORE THE MATTER WAS DISMISSED AND SEALED. THIS UNLAWFULL ARREST TOOK PLACE IN  FRONT OF HIS FRIENDS AND HAS CAUSED HIM GREAT EMBARRASSMENT AND ANXIETY. HE HAD TO RETAIN COUNSEL IN ORDER TO DEFEND THESE SPURRIOUS, UNWARRANTED, UNLAWFUL CHARGES.

*\* Denotes required field.*



New York City Comptroller
Brad Lander

Office of the New York City Comptroller
1 Centre Street
New York, NY  10007

| | |
|---|---|
| **The items of damage or injuries claimed are (include dollar amounts):** | FALSE ARREST  $20,000,000.00<br>MALICIOUS PROSECUTION $20,000,000.00<br>INFLICTION OF MENTAL DISTRESS $20,000,000.00<br>LOSS OF PERSONAL PROPERTY $20,000,000.00<br>LOSS OF REPUTATION $20,000,000.00<br>HUMILIATION AND EMBARRASSMENT $20,000,000.00<br>ASSAULT AND BATTERY $20,000,000.00 |