*Initial conference is adjourned from 1/16/2026 to February 27, 2026 at 10:00 a.m.*
*Call-In: 855-244-8681;*
*Access Code: 2305 810 3970#.*
*SO ORDERED.*
*Dated: 1/7/2026*

P. Kevin Castel
United States District Judge

**THE CITY OF NEW YORK**

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**EVAN J. GOTTSTEIN**
*Senior Counsel*
Phone: (212) 356-2262
Fax: (212) 356-3509
egottste@law.nyc.gov

January 6, 2026

**BY ECF**
Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    Joiner Jimenez Padilla v. The City of New York, et al., 25 Civ. 5758 (PKC)

Your Honor:

I am a Senior Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing defendants City of New York and the New York City Police Department (NYPD)[1] in the above-referenced matter.[2] Defendants write, with plaintiff's consent, to respectfully request an adjournment of the initial conference currently scheduled for January 16, 2026, and all related pre-conference deadlines. Pursuant to Rule 1.A.iii of Your Honor's Individual Practices in Civil Cases, the next conference in this matter is the initial conference scheduled for January 16, 2026.

---

[1] The NYPD is named in the Complaint but is not a suable entity. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (citing *Wray v. City of New York*, 340 F. Supp. 2d 291, 303 (E.D.N.Y. 2004) (quoting N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."))).

[2] According to the docket sheet, it appears that plaintiff attempted to serve the individual named in the complaint as "Police Officer[] Michael Saline Shield No. 27059" by serving the summons on a "LT Carlos Pappagallo" on September 10, 2025. *See* ECF No. 14. It is not clear where service was attempted, but defendants are not aware of any law designating a "LT Carlos Pappagallo" as authorized to accept service of process for the individual Michael Saline. Further, upon information and belief, Officer Michael Saline was not member of the NYPD when plaintiff purportedly attempted service on September 10, 2025. Accordingly, Officer Saline has not been properly served with process and, therefore, is not a party defendant to this action at this time.

Plaintiff filed the complaint in this action on July 13, 2025, ECF No. 1, and on July 14, 2025, this case was designated for participation in Local Civil Rule 83.10 (formerly the "SDNY Plan"). On July 16, 2025, the Court entered an Order scheduling an initial conference for January 16, 2026, and ordered the parties to file a joint letter and submit a proposed case management plan and scheduling to chambers via email five business days prior to the conference. *See* ECF No. 2. Plaintiff subsequently served the City with the summons and complaint on August 21, 2025, along with a signed § 160.50 unsealing release. Pursuant to Local Rule 83.10(3), the City and NYPD filed an answer to the complaint on November 10, 2025. Pursuant to Local Rule 83.10(8), the parties were to schedule a mediation session to occur no later than February 16, 2026, which is 14 weeks after the first defendant filed its answer. Therefore, the parties contacted the assigned mediator in this case, and Local Rule 83.10 mediation has been scheduled for February 5, 2026. To date, the parties are currently engaged in limited discovery under Local Rule 83.10 and intend to continue to proceed under that rule in the hopes of reaching a resolution at or before mediation.

Accordingly, to allow the parties to complete limited discovery and attempt in good faith to resolve this case under Local Rule 83.10, defendants respectfully request an adjournment of the initial conference in this matter, from January 16, 2026, until a convenient date for the Court at least two weeks after the parties attend mediation on February 5, 2026, and corresponding extension of the deadlines to submit the pre-conference joint letter and proposed case management plan.

Defendants thank the Court for its time and consideration of this matter.

Respectfully submitted,

*Evan J. Gottstein*          /s/

Evan J. Gottstein
*Senior Counsel*
Special Federal Litigation Division

cc:    Via ECF
       *All Counsel of Record*

2